White, J.
The plaintiff in error is charged in the second count of the indictment with uttering and publishing as true and genuine, a false and forged receipt for money. The alleged receipt is set out, and is as follows:
“ Espy, Heidelbach & Co. Cincinnati, July 16, 1878. Draft wanted for $910 on New York. Order of A. Henry.
“ M. Teller.”
This instrument does not purport on its face to be a receipt; nor are there extrinsic facts stated which show that it could or would have had, if genuine, the operation and effect of a receipt. The rule is that where the forged instrument is actually within the meaning of the statute, but does not sufficiently appear to be so on the face of it, the instrument must not only be set out, but there must be added such averments of extrinsic facts as to make it appear upon the face of the indictment that the forged instrument is one of those intended by and described in the statute. Carberry v. The State, 11 Ohio St. 410; Bynam v. The State, 17 Ohio St. 142; Rex v. Barton, 1 Moody, 141; Starkie’s C. P. 118; Rex v. Hunter, 2 Leach, 711.
It is averred that the receipt was issued by Espy, Heidelbach & Co. to the draft clerk in their bank. But it does not purport to be issued by them. It was signed “M. Teller,” but there is nothing to show what “ M. Teller ” meant; nor is there anything to show a connection between that signature and Espy, Heidelbach & Co. Rex v. *131 Barton, supra. The averment in the indictment that the instrument was a “receipt for money” does not have the effect to change its prima facie character. Nor does the averment, that by the rules of the bank the instrument upon its face was a receipt for money, have that effect. Before effect can be given to such an averment, it must appear how or in what way the instrument, under the rules of the bank, would, if genuine, have the operation and •effect of a receipt for money.
There also seems to be a repugnancy in the count. It is first averred that the instrument is a false and forged receipt for money. By a subsequent averment the same instrument is described as a receipt for money, issued in fact by Espy, Ileidelbach & Co. to the draft clerk in their bank. But any objection on this ground is, perhaps, obviated by the criminal code, which provides that no indictment shall be deemed invalid “ for any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime or person charged.” 74 Ohio L. 334, chap. 4, § 4.

Judgment reversed.